## 43758. DUKE v. THE STATE.
### (352 SE2d 561)

HUNT, Justice.

Linda Duke was convicted by a jury of the murder of Barry Allen White and was sentenced to life imprisonment.[1] She appeals enumerating as error the trial court's denial of her motion in limine seeking to prohibit the introduction of evidence of her character, the trial court's charge to the jury, and the sufficiency of the evidence.

The defendant lived in an isolated house on a dead-end road. Following the discovery of the victim's body outside her house, she voluntarily made two statements to authorities, and these statements were introduced into evidence. In her statements she recounted that about 2:30 a.m. on December 3, 1983, she was awakened by a pounding noise and thought she heard someone banging on the front door. She was frightened because she was alone, and because her telephone had been disconnected. She shot through a window at a large figure, saw nothing, and assumed she had frightened a prowler or prowlers away. The victim, still alive, was discovered outside the defendant's house the next morning by a friend of the defendant who had come to take her to work. The victim died later that morning. Two witnesses

---

[1] The victim died on December 3, 1983. The defendant was indicted by a Floyd County Grand Jury during the January 1984, term of court, was convicted on February 8, 1986, and sentenced to life imprisonment. Her motion for new trial, filed on February 19, 1986, and amended on July 9, 1986, was denied on July 9, 1986. Notice of appeal was filed in the trial court on July 21, 1986, and the record was docketed in this court on August 25, 1986. After briefs were filed, the case was argued on October 14, 1986.

testified at trial that at the victim's request, on December 2, 1983, they had driven with him from Alabama to the defendant's house about 50 miles away after an evening of heavy drinking and smoking marijuana. According to these witnesses, the three men arrived at the defendant's house between 10:30 p.m. and 11:00 p.m. They testified that they observed the victim knocking on the front door of the defendant's house and talking to a woman wearing a pink nightgown who came to the door, and that they left when the victim motioned them to do so. One of these witnesses testified that before they left the woman called "don't leave him here." The defendant's pink housecoat was recovered by authorities during their investigation of the victim's death.

1. The defendant contends the trial court erred by denying her motion in limine in which she sought to exclude a statement which she made during an interview with an investigator with the Floyd County Police Department to the effect that during the period of time she was being questioned about she was sexually involved with only one man, a CPA in Atlanta. This statement followed her denial, in response to the investigator's questions, that she had ever had a sexual relationship with the victim or his father. The defendant argues that the statement complained of was irrelevant because it referred to her relationship with someone who was not connected with the case, that it improperly attacked her character, and that it introduced evidence of another crime,[2] separate and independent of the one for which she was being tried.

The general rule is that "no evidence of bad character or prior conviction shall be admissible unless or until the defendant shall have first put his character in issue." OCGA § 24-9-20 (b); *Walraven v. State*, 250 Ga. 401, 407 (4b) (297 SE2d 278) (1982). Although he prohibited the prosecution from cross-examining the defendant regarding any sexual relationship with any third person unconnected with the case, the trial court admitted the defendant's statement on the grounds that it had been made voluntarily. However, regardless of whether the statement was voluntarily given, since it was not relevant nor admissible for impeachment or for any other proper purpose (e.g., to show motive, scheme, or plan, *Hamilton v. State*, 239 Ga. 72 (235 SE2d 515) (1977)), it is our view that its only purpose was to attempt to show bad character. In the absence of interjection of the issue of character by the defendant, this evidence was inadmissible. Id.; *Fugitt v. State*, 254 Ga. 521, 524 (6) (330 SE2d 714) (1985); *Anderson v. State*, 206 Ga. 527 (1) (57 SE2d 563) (1950). Neither was it harmless

---

[2] It is unclear whether the defendant was married at the time referred to in her statement. In any case, the party referred to was not her husband. Fornication and adultery are misdemeanors. OCGA §§ 16-6-18 and 16-6-19.

nor nonprejudicial, as argued by the state. In our judgment, its admission requires reversal. See *Walraven,* supra; *Anderson,* supra.

2. The defendant next contends the trial court erred in its charge to the jury.

(a) The defendant contends the trial court erred by failing to charge the jury on the law of accident and misfortune as found in OCGA § 16-2-2. The defendant testified that she deliberately fired through a glass windowpane at a large figure. Under this evidence a charge on accident was not authorized. *Moody v. State,* 244 Ga. 247, 248 (2) (260 SE2d 11) (1979).

(b) Her contention that the trial court's charge on the issue of the use of a deadly weapon was improperly burden-shifting is meritless. The charge given is substantially similar to that approved by this court in *Hosch v. State,* 246 Ga. 417, 420 (3) (n. 2) (271 SE2d 817) (1980). See also *Crawford v. State,* 256 Ga. 585 (351 SE2d 199) (1987).

(c) The defendant contends the trial court's charge to the jury on flight was not warranted by the evidence and thus erroneous. When the trial court requested objections and exceptions to the charge, the defendant failed to either object or to reserve the right to later object to this charge, and is accordingly barred from appellate review on this issue. *Leverett v. State,* 254 Ga. 691 (1) (333 SE2d 609) (1985). Nonetheless, in light of the fact that this case is subject to retrial, we state our agreement with defendant's contention regarding the charge on flight. The state's evidence was that prior to trial while the defendant was free on bond and before a trial date had been set, she married a member of the armed services and went with him for a period of time to West Germany. She made no attempt to evade trial nor failed to appear at trial. Further, the undisputed evidence shows that the defendant fully cooperated with the authorities in their investigation of the victim's death. Thus there was no evidence of "flight" from which an inference of a consciousness of guilt might be drawn, and the charge should not have been given. With regard to the propriety of flight charges in general, see Justice Bell's concurring opinion in *Cameron v. State,* 256 Ga. 225, 227 (345 SE2d 575) (1986).

3. In the defendant's final enumeration, she argues that the evidence was insufficient to sustain her conviction. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crime of which she was convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 16, 1987 —
RECONSIDERATION DENIED FEBRUARY 17, 1987.

*Harold N. Wollstein, Cook & Palmour, Bobby Lee Cook,* for appellant.

*Stephen F. Lanier, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.