## S90A1640. RAINWATER v. THE STATE.
(400 SE2d 623)

CLARKE, Chief Justice.

Terry Lamar Rainwater was convicted of felony murder and possession of a firearm by a convicted felon. He was sentenced to life imprisonment and a consecutive term of five years. We affirm the conviction for felony murder and vacate the conviction for the possession of a firearm by a convicted felon.[1]

The evidence produced in this case showed that Darlene Eason was trying to sell some food stamps out of her pickup truck when she was approached by Rainwater and two other men. One of the men took Eason's pocketbook out of the truck from the passenger side. Rainwater and Eason began to argue. Rainwater shot Eason as she tried to drive away. Later, Rainwater was overheard talking about the shooting while he was riding on a MARTA bus. He was heard to say "Well, ain't nothing I can do about it now" in response to a comment that he should not have shot Eason. After he was arrested, Rainwater also told an inmate at the jail that he shot Eason because she owed him money for drugs.

Two indictments were issued against Rainwater. The first charged him with murder and felony murder. The underlying felonies specifically named in the felony murder count were armed robbery, possession and sale of a Schedule II drug, and possession of a firearm by a convicted felon. A second indictment charged Rainwater with possession of a firearm by a convicted felon.

1. Appellant asserts that he was deprived of his right to a unanimous jury verdict because the jury was not instructed that in order to convict him of felony murder, all of the jurors must agree, beyond a reasonable doubt, on which one of the three possible underlying felonies appellant committed. We find this enumeration of error to be without merit because Rainwater made no request for such a charge, because the court did in fact charge the jury on the elements of felony murder, necessity to find each element of the crime beyond a reasonable doubt, and the necessity of a unanimous jury verdict.

2. Appellant argues that the conviction for possession of a firearm by a convicted felon should be vacated because it is the lesser included offense of felony murder. The state responds that the jury could have relied on one of the other felonies charged as the basis for the felony murder conviction.

---

[1] The crime occurred on June 15, 1989. Appellant was indicted on July 25, 1989. He was convicted of felony murder on February 5, 1990, sentenced to life imprisonment and five years imprisonment the same day. Appellant filed a motion for new trial on March 5, 1990; the motion was denied on June 28, 1990. Notice of appeal was filed July 26, 1990. The case was docketed in this court September 14, 1990 and was submitted for decision without oral argument on October 26, 1990.

The general rule is that a defendant may not be lawfully convicted of both felony murder and the underlying felony. *Walker v. State,* 254 Ga. 149, 152 (327 SE2d 475), cert. denied 474 U. S. 865 (106 SC 185, 88 LE2d 154) (1985). When a jury returns guilty verdicts on several felonies and on a felony murder charge, the court will examine the evidence to determine which felony formed the basis for the felony murder conviction. *Blankenship v. State,* 247 Ga. 590 (277 SE2d 505) (1981). The felony that formed the basis of the felony murder conviction would then merge, and the other felony conviction would be allowed to stand. Id. However, when a jury returns a guilty verdict on only one felony in addition to a felony murder conviction, and when that felony is enumerated in the indictment as a possible basis for the felony murder charge, the court will not speculate as to which of the several possible underlying felonies submitted to the jury in the court's charge formed the basis for the felony murder conviction.

The defendant in this case is entitled to the benefit of the doubt in the construction of the verdict. *Burke v. State,* 248 Ga. 124 (281 SE2d 607) (1981). We therefore vacate the conviction for possession of a firearm by a convicted felon on the grounds that it is the lesser included offense of felony murder. See, e.g., *Walker,* supra. We note that any ambiguity in the verdict could have been avoided if the jury verdict form had specified which of the several possible felonies charged formed the basis for a felony murder conviction.

3. Appellant next asserts that the conviction should be reversed for insufficiency of the evidence. We conclude, however, that evidence adduced at trial, when viewed in a light most favorable to the verdict, would authorize a rational trier of fact to find the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant contends that his felony murder conviction and sentence for felony murder violate the Eighth Amendment to the United States Constitution. Appellant's argument is identical to the one rejected by this court in *Hall v. State,* 259 Ga. 243 (378 SE2d 860) (1989). Accordingly, we reject it here.

5. In his fifth enumeration of error, appellant urges the court to adopt the position espoused in the special concurrence in *Johnson v. State,* 258 Ga. 856, 859-60 (376 SE2d 356) (1989). We decline to do so here.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED FEBRUARY 21, 1991.

*Kenneth D. Kondritzer,* for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, for appellee.*