S91A1321. SCOTT v. THE STATE.
(409 SE2d 511)

BELL, Justice.

Gary Scott appeals from his convictions of felony murder and possession of a firearm during the commission of a felony.[1] We affirm.

---

[1] The crimes occurred on April 5, 1990. Scott was indicted on May 10, 1990, and was

The victim, Dale Brantley Peeler, and Patricia Seim were driving Seim's car away from a drive-through window at a fast-food restaurant when Scott and Richmond Parris, who were in Parris' car behind Seim's car, blew their car horn at the victim and Seim. According to Seim, Peeler and Parris exited their cars, and an argument ensued. Scott then exited Parris' car with a pistol, walked up to Peeler, and shot him twice. After Scott shot Peeler, Parris asked Scott, "[w]hy did you have to shoot him?" Peeler died a short time later as a result of his wounds.

Scott and Parris fled the scene, but Scott turned himself in four days later. Scott gave a statement to the police that was admitted into evidence at trial. Scott stated that Parris and Peeler had an exchange of words and that it appeared to him they might have a fight. According to Scott, he then got out of Parris' car with the pistol, intending only to scare the victim. Scott claimed that the victim tried to take the pistol from him; that Scott and the victim struggled; that Scott pushed the victim away; and that, because Scott was scared, he shot the pistol twice. At trial Scott told essentially the same story as he did in his statement. He again maintained that the victim tried to take the pistol from him, and that he pushed the victim away from him and fired the pistol. At one point in his testimony, Scott added that, because he was scared, he did not remember firing the pistol.

We conclude that the evidence is sufficient to support the convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. In his first enumeration of error Scott argues that the trial court erred in failing to charge on accident. We disagree. At no time did Scott maintain that he shot the victim accidentally; rather, he maintained in his statement and at trial that, because he was scared, he deliberately fired the pistol. Scott may be arguing that his trial testimony that he did not remember shooting the pistol justifies a charge on accident, but we do not agree. That testimony does not warrant an inference that the gun fired accidentally, as the gun was held solely by Scott at that time, and as there was no evidence of any other circumstances that might have caused the gun to fire other than by Scott pulling the trigger. We conclude that the trial court did not err in failing to charge on accident. See *Duke v. State*, 256 Ga. 671, 673 (2) (a) (352 SE2d 561) (1987); *Moody v. State*, 244 Ga. 247, 248 (2) (260 SE2d 11) (1979).

2. Scott next contends that the trial court erred in failing to give

convicted on October 17, 1990. Scott filed a motion for new trial on October 29, and the trial court denied the motion on December 6, 1990. Scott filed his notice of appeal on December 20, 1990. The case was docketed in this Court on July 10, 1991, and was submitted for decision without oral argument on August 23.

his requested charge that

> [y]ou may find from a consideration of the evidence that the defendant had an honest belief in the necessity of using deadly force, but that his belief was unreasonable. In that event, I charge you that a killing under such circumstances is not murder, but voluntary manslaughter.

This requested charge contains a portion of a theory known as "imperfect self-defense," which has been adopted in a minority of other states, and which is a form of the crime of voluntary manslaughter. See LaFave & Scott, Substantive Criminal Law, Vol. 2, § 7.11 (a) (1986); Kurtz, Criminal Offenses & Defenses in Georgia, Self-Defense, p. 393 (2nd ed. 1986); *People v. Flannel,* 603 P2d 1 (Cal. 1980); *State v. Faulkner,* 483 A2d 759 (Md. 1984). However, this form of voluntary manslaughter does not fit within the definition of voluntary manslaughter in this State. OCGA § 16-5-2. Moreover, because this Court is not free to create a "nonstatutory" crime, see *Wood v. State,* 219 Ga. 509, 511 (134 SE2d 8) (1963), we cannot recognize this form of voluntary manslaughter. Any further definition of voluntary manslaughter will have to come from the General Assembly. For the foregoing reasons, we conclude the trial court did not err in refusing to give the requested charge.

*Judgment affirmed. All the Justices concur, except Hunt, J., who concurs in the judgment only.*

DECIDED OCTOBER 18, 1991.

*Charles R. Sheppard,* for appellant.
*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney, Michael J. Bowers, Attorney General, Robert D. McCullers,* for appellee.