## S92A0449. TURNER v. THE STATE.
(418 SE2d 52)

FLETCHER, Justice.

George Thomas Turner was convicted of the felony murder of Ruth Daniels and of possession of a firearm during the commission of a felony.[1] Turner was sentenced to life imprisonment for the felony murder and to a consecutive term of five years imprisonment for the firearm possession charge. He appeals and we reverse.

1. Considering the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Turner guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) At trial, Turner testified that he and Ms. Daniels were arguing, she had a knife in her hand, he had a gun in his hand and:

[S]he jumped at me with that knife just like that. And I was lucky enough to catch her hand. And what happened, she

---

[1] The crime occurred on March 3, 1990 and Turner was indicted on September 11, 1990. His trial began on June 3, 1991 and a guilty verdict was returned the next day. He was sentenced on June 26, 1991 and filed a motion for new trial the following day. The order denying the motion is dated September 19, 1991 and the notice of appeal was filed on that date. The case was docketed in this court on January 30, 1992 and was submitted for decision without oral argument on February 21, 1992.

> dropped the knife and when she dropped the knife, she went . . . the gun . . . she had hold to the gun with this hand all the time, and she get the gun and the gun went off. That's the way she got shot. I didn't shoot her down. I didn't even try to hurt her. Everything I did was tried to help her.

Later in Turner's testimony, he stood and demonstrated for the jury what he contends happened when the gun discharged. In so doing, he testified:

> I turned around, and she had the knife just like that and I caught her like that, and . . . she caught the gun. She caught the gun. She dropped the knife, she went just like that and when she threw that gun, I tried to get the hand off and that's when the gun went off.

Turner also testified:

> I never would have shot her, and if I had intention of shooting her, I could have shot her when she came in the back room in the bedroom and cut at me. I didn't shoot her. It's just like I said, I didn't . . . I wouldn't have even shot her. . . .

Turner filed written requests for charges on the law as to both accident and self defense. At the charge conference, the state argued that the law of accident and self defense are "mutually exclusive" and could not both be charged. Over Turner's objection, the trial court charged the jury on the law of self defense but refused to give a charge as to accident. Turner contends that the trial court's failure to charge as to accident was error. We agree.[2]

(b) Generally, either accident or self defense will be involved in a case, but not both. However, the facts of a case will, at times, present a situation where a party who is armed with a weapon contends that while he was defending himself from another party,[3] his weapon accidentally discharged and killed that other party. Just such a situation is involved in the present case.

Turner contended that while he was trying to defend himself from the victim's knife attack, he and the victim began struggling over Turner's gun and, during that struggle, the gun accidentally dis-

---

[2] It was not error for the trial court to charge the jury as to the law of self defense. However, it was error not to have also charged the jury as to the law of accident or misfortune as set forth in OCGA § 16-2-2.

[3] On cross-examination, Turner testified:
I was only trying to protect myself, but as far as getting angry, I did not get angry. I really didn't get mad. I was only trying to defend her from hurting me.

charged. Turner never contended that his gun was intentionally fired. Compare *Scott v. State*, 261 Ga. 611 (409 SE2d 511) (1991); and *Duke v. State*, 256 Ga. 671 (352 SE2d 561) (1987). Under the facts of this case, the trial court's refusal to charge the law of accident, when specifically requested to do so, was error. Compare *DeBerry v. State*, 241 Ga. 204 (243 SE2d 864) (1978).

(c) There is no hard and fast rule, in a homicide case, that the law of accident and of self defense are always "mutually exclusive." Whether both are involved is initially a question of law for the trial court. Where the court finds evidence of the involvement of both, and there has been a timely request for instruction as to both, the court should charge the jury as to both.[4] The defendant should not be forced to elect between the two and, to the extent Division 4 of *Culbreath v. State*, 258 Ga. 373 (369 SE2d 29) (1988) may have indicated that trial courts have the discretion to require a defendant to elect between requests to charge as to accident and self defense in cases where there is evidence to support jury charges as to both, that division of *Culbreath* is overruled.

3. Turner also contends that the trial court erred in giving the following charge:

> I charge you [if] it is shown by the evidence beyond a reasonable doubt that the injury to the alleged victim occurred by the discharge of a gun held by the accused and used in an attempt to [place] the alleged victim [in] reasonable apprehension of immediately receiving a violent injury, the accused would not be able to claim the defense of [accident] or misfortune even if the discharge of the gun was unintentional.

Turner objected after the charge was given, arguing that it had been requested by the state in response to his request for a charge as to accident or misfortune and because the court had refused to charge the jury as to the law of accident, giving of the charge set forth above was error. For the benefit of the trial court should the state choose to retry Turner, we note that the charge set forth in this division should only have been given in conjunction with an appropriate charge on the law of accident or misfortune. To give the charge without such was error.

*Judgment reversed. All the Justices concur, except Bell, P. J., who concurs specially, and Weltner, C. J., who dissents.*

---

[4] See Accused's Right, in Homicide Case, to Have Jury Instructed as to Both Unintentional Shooting and Self-Defense, 15 ALR4th 983.

BELL, Presiding Justice, concurring specially.

Because I agree that the trial court erred in failing to charge on accident in this case, I agree with the judgment of reversal. However, as I will explain below, I do not agree with all that is said in the proposed majority opinion.

1. First, I note that I agree with the Court's shift to permitting inconsistent defenses (as accident is not, strictly speaking, a defense, I use the term "defenses" to mean generally any attempt by the defendant to defeat the state's case against him). Whether we choose to permit or to prohibit a defendant from asserting inconsistent defenses is a matter of policy and not a matter of constitutional law. See *Mathews v. United States*, 485 U. S. 58, 69 (108 SC 883, 99 LE2d 54) (1988) (Justice White, dissenting). In the past our policy, as represented by *Culbreath v. State*, 258 Ga. 373 (4) (369 SE2d 29) (1988), has been to prohibit inconsistent defenses. Moreover, I note that other states follow the same inconsistent defenses rule that we do. See "Accused's Rights, in Homicide Case, to Have Jury Instructed as to Both Unintentional Shooting and Self-Defense," 15 ALR4th 983. However, on balance, I agree with permitting inconsistent defenses. I have some concern that doing so might encourage perjury, as, for instance, where a defendant testifies that the gun he was holding fired accidentally and killed the victim, but also testifies that he intentionally shot the victim in self-defense, but this concern is outweighed by the prosecutor's freedom to use such inconsistent testimony to try to impeach the defendant's credibility.

2. Although inconsistent defenses should be permitted, we must bear in mind that a charge on any defense is only warranted if there is some evidence to support the charge. Having examined the record in the instant case, I do not find evidence to support charges on both accident and self-defense, and find only evidence to support a charge on an accidental killing occurring *in the context of* self-defense. Hence, this is not a case involving inconsistent defenses.

More specifically, the defense of accident and self-defense are inconsistent. Pursuant to self-defense the defendant admits, but seeks to justify, the intentional commission of the act, whereas the essence of an accident defense is the defendant's contention that he did not intentionally commit the act the state alleges constitutes a crime. Here, Turner testified that he obtained the gun initially to protect himself, but that the gun fired accidentally in his struggle with the victim. As the majority opinion notes, Turner never testified that he shot the victim intentionally to protect himself, and I find no other evidence that would support such an inference. Because the evidence supports the inference that Turner's gun discharged accidentally, but does not support an inference that Turner intentionally shot the victim to protect himself, this case does not truly present a case of in-

consistent defenses.[5] Instead, Turner's testimony supports the theory that an accidental killing occurred in the context of self-defense. See generally *Curry v. State*, 148 Ga. 559, 560-564 (97 SE 529) (1918) (victim drew gun on Curry, and, according to Curry's testimony, the gun accidentally discharged, killing the victim; we held that law of killing in self-defense did not apply; that killing was either murder or accident). For the foregoing reasons, a charge permitting the jury to find that the killing was justified as self-defense is not warranted under the evidence in this case. Yet, this is the type of self-defense charge that the trial court gave and that the majority apparently would require to avoid error. Obviously, the giving of such a charge, which is favorable to the defendant, is not error. However, contrary to the majority, I would hold that in a case such as this one a trial court's refusal to give such a charge would not be erroneous.

3. Although I do not believe the foregoing type of self-defense charge is warranted in this case, I do believe that a charge on accident in the context of self-defense is warranted.

Our accident statute provides that "[a] person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." In cases presenting an accidental killing in the context of self-defense, a trial court should give a charge making clear that, if the jury finds that the defendant used reasonable force in self-defense, then the defendant's use of that force does not constitute a "criminal scheme or undertaking, intention, or criminal negligence." The reason such a charge is necessary is to insure that the jury does not infer some criminal intent, negligence, or scheme on the part of the defendant due to his use of such force. A trial court would be free to fashion the appropriate charge depending upon the facts of each particular case.

4. For the foregoing reasons, I concur in the judgment of reversal in the instant case.

DECIDED JULY 16, 1992.

*Charles R. Sheppard, John Fleming, Danny L. Durham*, for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, G. Barksdale Boyd, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney Gen-*

---

[5] *Culbreath*, supra, 258 Ga., involved a "true" instance of inconsistent defenses, in that the defendant's equivocal testimony of the killing supported inferences that the shooting occurred either accidentally or intentionally in self-defense.

*eral, Peggy R. Katz, Staff Attorney*, for appellee.