## S92A1221. LINDSEY v. THE STATE.
(424 SE2d 616)

BENHAM, Justice.

Appellant was indicted for the malice murder, the felony murder, and the aggravated assault of Terry Walker, and the aggravated assaults of Farren Harris and Arnold Leslie.[1] The jury found appellant guilty of voluntary manslaughter, felony murder, and the three counts of aggravated assault.[2] At sentencing, the trial court merged the convictions for voluntary manslaughter and the aggravated assault of Terry Walker into the felony murder conviction, and sentenced appellant for felony murder and two counts of aggravated assault.

The State presented evidence that appellant fired an Uzi 9mm semi-automatic weapon into the air down the street from Harris' apartment as Harris' birthday party came to an end. Before leaving the scene, appellant fired the weapon "up the street," causing the exiting party guests to seek cover. Sometime later, Leslie, Harris' brother, put Walker, an intoxicated party-goer, in the back seat of Leslie's car in order to take him home. Harris accompanied Leslie, who decided to drive in a direction opposite that in which appellant had retreated. Nevertheless, Harris saw appellant shoot at their car as they were driving. The rear window was shattered and Walker was fatally wounded by the bullet fired by appellant.

1. Citing *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), appellant contends the trial court erred when it merged the convictions for voluntary manslaughter and aggravated assault of the decedent into the felony murder conviction. In *Edge*, we held that a guilty verdict on a felony murder charge cannot stand where the jury also finds the defendant guilty of voluntary manslaughter with regard to the same homicide, and the underlying felony supporting the felony murder conviction is the aggravated assault that caused the decedent's death. In the case at bar, the jury found appellant guilty of three aggravated assaults and were not required by the trial court to set forth which aggravated assault served as the basis for the felony murder conviction.[3] Because the count of the indictment charging felony mur-

---

[1] The incident occurred on August 3, 1991, and the homicide victim died on August 5. Appellant was arrested on August 9, indicted on October 18, and tried on March 2-4, 1992. Appellant filed a notice of appeal on March 17, and the appeal was docketed on July 8. The case was argued before this court on September 15, 1992.

[2] The trial court instructed the jury on the law of voluntary manslaughter at the State's request, over the objection of appellant.

[3] As was noted in *Rainwater v. State*, 260 Ga. 807 (2) (400 SE2d 623) (1991), the ambiguity in this verdict could have been avoided if the jury verdict form had specified which of the several possible felonies charged formed the basis for the felony murder conviction. The dilemma presented by this case could also have been avoided had appellant been indicted for multiple felony murder counts, with each count specifying one of several possible underlying felonies. See *Peters v. State*, 261 Ga. 373 (3) (405 SE2d 255) (1991).

der only specified the underlying felony as "aggravated assault," we are unable to determine whether the jury used the aggravated assault of the decedent as the underlying felony, which would require vacation of the felony murder conviction and affirmance of the voluntary manslaughter conviction, or whether the jury relied upon either of the aggravated assaults perpetrated against the surviving victims.

All parties agree that appellant cannot be convicted of both felony murder and voluntary manslaughter since there is only one homicide. Since the defendant is entitled to the benefit of the doubt in the construction of an ambiguous verdict (*Rainwater v. State*, 260 Ga. 807 (2) (400 SE2d 623) (1991)), we conclude that the jury based its felony murder verdict on the aggravated assault of the decedent, and remand the case in order that the felony murder conviction and sentence be vacated, the voluntary manslaughter conviction be reinstated, and appellant be sentenced thereon. *Edge v. State*, supra. But see *Blankenship v. State*, 247 Ga. 590 (2) (277 SE2d 505) (1981).

2. Appellant's remaining enumerations of error contend that the trial court erred when it failed to give requested charges on accident, reckless conduct, and involuntary manslaughter.

(a) A charge on accident is not appropriate where, as here, appellant admitted he deliberately fired the gun. *Scott v. State*, 261 Ga. 611 (1) (409 SE2d 511) (1991). Compare *Turner v. State*, 262 Ga. 359 (2b) (418 SE2d 52) (1992) (where the defendant testified that his weapon accidentally discharged while he was defending himself).

(b) Appellant's request for a reckless conduct charge was based on his testimony that, when he fired at the car containing the three victims, he did not intend to shoot anyone other than the person shooting at him. Reckless conduct is an act of criminal negligence, rather than an intentional act, that causes bodily harm or endangers the bodily safety of another. *Bowers v. State*, 177 Ga. App. 36 (338 SE2d 457) (1985). The aggravated assault charges leveled against appellant alleged that, using a deadly weapon, he shot at, toward, and in the direction of the victims. "The act testified to by appellant was either justified as an act of self-defense or constituted [aggravated assault]." *Williams v. State*, 249 Ga. 6 (4) (287 SE2d 31) (1982). As the jury was fully and completely instructed on justification, it was not error to refuse to instruct the jury on the law of reckless conduct. See id.

(c) Since appellant based his defense upon a claim of justification, the trial court charged on self-defense, and there was no evidence to justify a charge on accident, the trial court did not err when it refused to charge involuntary manslaughter. *Willis v. State*, 258 Ga. 477 (1) (371 SE2d 376) (1988).

*Judgment affirmed in part and reversed in part, and remanded with direction. Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins and*

Hunstein, JJ., concur.

DECIDED JANUARY 8, 1993.

*Nancy M. Markle,* for appellant.
*Lewis R. Slaton,* District Attorney, *Nancy A. Grace, Penny A. Penn,* Assistant District Attorneys, *Michael J. Bowers,* Attorney General, *Susan V. Boleyn,* Senior Assistant Attorney General, *Peggy R. Katz,* Staff Attorney, for appellee.