S92A1548. THOMPSON v. THE STATE.
(426 SE2d 895)

HUNT, Presiding Justice.

Solomon Thompson was found guilty of the felony murder, rape and burglary of Maria Kelly, and possession of a knife during the commission of a felony. He was sentenced to life imprisonment for felony murder, life imprisonment for rape, and five years for the possession charge. Thompson appeals. We affirm in part and reverse in part.[1]

---

[1] The homicide occurred late on the night of July 25, 1987 or in the early morning hours of July 26, 1987. Thompson was tried June 10 through June 21, 1991, and the jury rendered its verdict on June 21, 1991. He was sentenced to life imprisonment for the felony murder conviction, life imprisonment for rape, and five years for possession of a knife during the commission of a felony, all sentences to run consecutively. His motion for new trial was filed on July 19, 1991, amended on May 13, 1992, and denied on May 22, 1992. The defendant filed his notice of appeal in this Court on June 16, 1992. The appeal was docketed on September 24, 1992, and submitted for decision on briefs on November 27, 1992.

On July 26, 1987, police found the body of Maria Kelly in her home. On that same day while officers were still inspecting the crime scene and before information about the murder had been released to the public, a police dispatcher received a call on the 911 line about the homicide; the caller told the dispatcher that he had heard two brothers, the Priesters, bragging about having committed the murder. When the Priester brothers were later played the tape of the call, they identified the voice on the tape as that of the defendant. A few days later defendant was interviewed by police officers. After an initial denial, defendant admitted making the 911 telephone call. He also told police that he worked for a man who lived next door to the victim. When asked how he had known details about the homicide at the time of the call, the defendant gave several different stories.

Police also interviewed the defendant's common-law wife, who testified that the defendant had left the house on the night of the murder sometime around midnight and that when the defendant returned about 1:40 a.m., two buttons were missing from his shirt, which was also torn. When asked about his activities on the night of the murder, the defendant said that he had been at home throughout the night. However, when confronted with the testimony of his common-law wife, he told the police that he had gone to the Krystal in Garden City and then, after learning that police could not verify that story, he stated that he had gone to the Krystal on DeRenne Street. The defendant also said that his torn shirt and missing buttons were the result of an altercation with a Krystal employee about his order; this story could not be confirmed by employees at either the Garden City or DeRenne restaurants. The remaining buttons on his shirt matched a button found on the floor at the crime scene.

At the time of the murder investigation, police were also investigating a rape which had occurred the night before the murder. The defendant was subsequently arrested for that rape; fingerprints found at the scene of the rape matched those of the defendant, and the defendant admitted having intercourse with the victim. Facts about this rape were subsequently admitted in this case as evidence of a similar transaction.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends that the trial court erred in failing to merge both the rape and the burglary convictions into the felony murder conviction. The jury acquitted the defendant of malice murder and found him guilty of felony murder, rape, burglary and possession of a knife during the commission of a crime. When asked by the

trial judge to clarify the basis for the finding of felony murder, the jury replied that they found both the burglary and the rape to be the underlying felonies of the felony murder. The trial judge, however, merged only the burglary conviction into the felony murder conviction and sentenced the defendant separately for his rape conviction. The defendant argues that the trial judge should have followed the findings of the jury and merged both the burglary and the rape convictions into the felony murder conviction. We disagree and hold that the rape conviction should merge rather than the burglary conviction.

Only one felony is required to trigger the felony murder provision of OCGA § 16-5-1 (c). *Collier v. State*, 244 Ga. 553, 564 (261 SE2d 364) (1979). We take this opportunity to make explicit that which we implied in *Collier*: only *one* felony need be merged with the felony murder conviction. Thus, contrary to the defendant's argument, and notwithstanding the jury's response to the trial court's question, *both* felonies need not merge with the murder conviction.

Where the jury finds two or more felonies, the defendant should not be able to benefit from the merger of more than one felony with the felony murder conviction, nor should the defendant be able to choose which felony merges. The problem is how to determine which of two or more felonies should merge where: (1) as here, the jury specifies two or more as underlying a felony murder conviction; or (2) where the jury does not specify which are underlying felonies, but the evidence shows, and the jury convicts the defendant, of two or more felonies which could serve to support a felony murder conviction.

In the latter instance, we have applied a "chain of circumstances" analysis, to hold that the initial felony which began the "chain of circumstances" leading to the victim's death merged with the murder conviction. Id. See also *Rainwater v. State*, 260 Ga. 807, 808 (2) (400 SE2d 623) (1991); *Blankenship v. State*, 247 Ga. 590, 591 (2) (277 SE2d 505) (1981).

We now reject the "chain of circumstances" analysis, and hold that where it is unclear which of two or more felonies is the underlying felony for a felony murder conviction, the trial court must merge the most severe (in terms of potential punishment). We reach this conclusion because an analysis of the "chain of circumstances" rule shows it to be purely speculative in determining what in fact the jury intended as the underlying felony. Indeed, under the circumstances presented in this case, or where the jury makes no mention of which is the supporting underlying felony, there is no logical rule to be applied in making a determination regarding the jury's intent. Accordingly, there is, in these circumstances, an ambiguity which must be construed in the defendant's favor. See *Dampier v. State*, 245 Ga. 427, 435 (13) (265 SE2d 565) (1980).

For the foregoing reasons, the rape conviction merges with the

felony murder conviction. Therefore, we reverse the rape conviction, and remand the case to the trial court to reinstate the burglary conviction and impose sentence therefore, consistent with this opinion. To the extent our opinions in *Collier, Rainwater,* and *Blankenship,* supra, conflict with this opinion, they are overruled.

3. We find no merit to the defendant's remaining enumerations of error.

*Judgment affirmed in part, reversed in part and remanded. Clarke, C. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur; Carley, J., not participating.*

DECIDED MARCH 15, 1993 —
RECONSIDERATIONS DENIED MARCH 25, 1993.

*Jackson & Schiavone, Michael G. Schiavone, Charles C. Grile, Mark E. Smith,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney,* for appellee.