A93A0642. PERRYMAN v. THE STATE.
(431 SE2d 742)

McMURRAY, Presiding Judge.

Defendant was charged, via indictment, with aggravated assault in that he "did make an assault on the person of Larry Martin, with a shotgun, a deadly weapon." Defendant was tried before a jury and found guilty of the crime charged. This appeal followed. *Held*:

1. Defendant challenges the sufficiency of the evidence, arguing there was no credible evidence showing that he intended to assault the victim.

The evidence adduced at trial reveals that defendant was instructed to leave the victim's home during the afternoon of May 30, 1992, because of his vulgar and abusive conduct. The following testimony illustrates the events which followed: "[THE VICTIM:] I got up, and went outside on the porch, and I told [defendant], man, I don't go to your mother's house disrespecting your mother, I said, you're not going to come to my house, to my mother's house, disrespecting her. [STATE'S ATTORNEY:] Did Mr. Perryman have any response to that? Did he say anything? A. No, he didn't. He walked off the porch. Q. Where did he go when he walked off the porch? A. He got into his truck. Q. Did you follow him to his truck? A. No, ma'am, I didn't follow him to his truck. I came off the porch. Q. When you stepped, came off the porch, where would you be standing

---

when you came off the porch of your mother's house? A. Right in the driveway. Q. How far is it from the door of the porch at your mother's house to the driveway? A. Two feet. Q. And once you were out in the driveway, did you approach [defendant's] truck? A. No, ma'am, I didn't. Q. Did you say anything to Mr. Perryman? A. Yes, ma'am. I told him, . . . next time you come disrespecting my mom's house, I said we're going to have to go toe-to-toe. And he said, we're going right now. Q.. Was he inside or outside the truck? A. He was inside the truck. Q. Was the door of the truck closed? A. Yes, it was. Q. At the time that you said the next time we'll have to go toe-to-toe, how close were you to Mr. Perryman? A. About eight feet. Q. Did you have anything in your hand? A. No, ma'am. Q. Did you have any weapon at all? A. No ma'am. Q. Did you ever raise your fist to him? A. No, ma'am. Q. Did you ever try to hit him? A. No ma'am. Q. What did Mr. Perryman do after you said this to him and after he said 'we can do this now'? A. He pulled the gun out of the window and shot me. Q. Where did he get the gun from? A. I'm not sure where he got it from, because my attention was up the street. And by that time, somebody called my name out, and I brought my attention back on [defendant], and I seen the gun pointed at me. . . . Q. When somebody called your name, where did you look? A. I looked to the right, up the street. Q. And when you looked back, what did you see? A. I saw a gun pointed out the window. Q. Was the gun visible through the window of the truck? A. Yes, ma'am, it was. Q. Do you know what kind of gun it was? A. It was a shotgun. Q. Who was holding that shotgun? A. Mr. Willie Perryman. Q. What happened next? A. When I seen the gun, I was facing him. When I seen it, I turned and tried to run. When I turned, I got shot, I got hit in the upper arm. . . . Q. What do you remember after you got shot? A. All I remember is hearing his truck crank up and all, all my family just ran, and, you know, started piling on top of me, started crying. That's all I remember."

" '(N)othing is more firmly settled in the law than the principle that, in a jury trial, the jurors are the sole judges of the credibility of witnesses. (OCGA § 24-9-80).' *Walker v. State*, 250 Ga. 230, 231 (297 SE2d 33)." *Godfrey v. State*, 187 Ga. App. 319, 321 (370 SE2d 183). In the case sub judice, the victim's testimony alone is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Willingham v. State*, 262 Ga. 324, 326 (2c) (418 SE2d 25). This enumeration is without merit.

2. Defendant contends the trial court erred in failing to give his written request to charge on the law of accident.

"Generally, either accident or self defense will be involved in a case, but not both. However, the facts of a case will, at times, present a situation where a party who is armed with a weapon contends that

while he was defending himself from another party, his weapon accidentally discharged and killed [or injured the] other party." *Turner v. State*, 262 Ga. 359, 360 (2b) (418 SE2d 52). In the case sub judice, defendant testified that he pointed the shotgun at the victim to protect himself and that the weapon accidentally discharged as he was fleeing.

A charge on accident is not appropriate where the accused admits that he intentionally committed acts which constituted the offense of aggravated assault. *Lindsey v. State*, 262 Ga. 665, 666 (2a) (424 SE2d 616). Compare *Turner v. State*, 262 Ga. 359, 360 (2b), supra. In the case sub judice, defendant admits he intentionally pointed the shotgun at the victim, thus completing the crime of aggravated assault as charged in the indictment. Consequently, the trial court did not err in refusing to give defendant's request to charge on the law of accident as there is no evidentiary basis for such a charge. See *Scott v. State*, 261 Ga. 611 (1) (409 SE2d 511).

3. In his second enumeration of error, defendant contends the trial court erred in failing to give his request to charge on reckless conduct as a lesser included offense of aggravated assault.

An essential element of the offense of reckless conduct is criminal negligence. See *Bowers v. State*, 177 Ga. App. 36 (1), 37-38 (338 SE2d 457). In the case sub judice, there is no evidence that defendant was negligent when he pointed a shotgun at the victim. On the contrary, defendant admits he deliberately pointed the weapon at the victim. Under these circumstances, defendant "was guilty of aggravated assault or was not guilty of any crime. Accordingly, it was not error to refuse to give the requested charge on reckless conduct as a lesser included offense. See *Riley v. State*, 181 Ga. App. 667, 669 (3) (353 SE2d 598) (1987)." *Day v. State*, 188 Ga. App. 648, 650 (7) (374 SE2d 87).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MAY 26, 1993.

*John O. Ellis, Jr.*, for appellant.

*J. Tom Morgan III*, District Attorney, *Barbara B. Conroy, Elisabeth G. Macnamara, Robert M. Coker*, Assistant District Attorneys, for appellee.