**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 19, 2023**

# In the Court of Appeals of Georgia

A23A0875. JOHNSON v. THE STATE.

GOBEIL, Judge.

In 2013, a jury found Ricky Johnson guilty of one count of burglary and four counts of theft by taking, and he was sentenced to 40 years' incarceration. After we affirmed Johnson's convictions and sentences, *Johnson v. State*, 357 Ga. App. XXV (Case No. A20A0996) (Nov. 2, 2020) (unpublished) ("*Johnson I*"), the Supreme Court of Georgia granted a writ of certiorari and vacated our original opinion, *Johnson v. State*, 313 Ga. 155 (868 SE2d 226) (2022) ("*Johnson II*"). On remand from the Supreme Court, we vacated Johnson's sentence in part and instructed the trial court to re-sentence him after merging three of the theft by taking convictions into the first theft by taking conviction. *Johnson v. State*, 364 Ga. App. 749, 758 (2) (b) (874 SE2d 807) (2022) ("*Johnson III*"). After a hearing, the trial court re-

sentenced Johnson to a total of 30 years' incarceration. On appeal, appearing pro se, Johnson asserts: (1) some of his theft by taking convictions should have been vacated and set aside; (2) it was error to merge one of his theft by taking convictions into another; and (3) he is entitled to a new trial for a double jeopardy violation. For the reasons set forth below, we affirm the trial court's order.

*Johnson III* set forth the following facts:

In 2013, Johnson was convicted of one count of burglary (Count 1), three counts of theft by taking based on the theft of three different Ford trucks (Counts 2, 3, and 4), and one count of theft by taking based on the taking of multiple pieces of property, including, among other things, a riding lawnmower, a plasma cutter, and a welder (Count 5). The crimes occurred on November 1, 2007, in a large building containing a shop and office space on the property of Reid & Reid Contractors (the "company"). Of the three stolen trucks, two were Ford flatbeds and one was a Ford service truck. One flatbed truck was parked outside the company's building; the other was parked inside a garage in front of the building; and the service truck was parked inside the shop. The thefts occurred overnight during a span of time that lasted between five and six hours.

The company had five surveillance cameras recording activity in its building. A video from one of those cameras, which recorded activity in the southwest corner of the shop, was introduced into evidence at trial. That video first showed Johnson in the shop area at 10:54 p.m. on

2

October 31, 2007. It also showed that Johnson appeared to leave the shop and the property after completing the crimes at about 4:30 a.m.

Between those two times, Johnson could be seen in the camera frame of the surveillance video that covered the southwest corner of the shop except for a number of short periods of time, none of which lasted more than 15 minutes. The video shows Johnson examining company property and loading it onto a service truck by hand and by using the company's forklift. At 3:28 a.m., he drove the service truck out of the shop bay and out of the camera frame. Johnson reappeared in the camera frame at 3:34 a.m., driving a different piece of equipment — a John Deere Gator — into the shop. Johnson parked the Gator inside the shop and then walked out of the shop bay door. He is next seen on the video driving one of the company's flatbed trucks into the shop about 15 minutes later, at 3:49 a.m. At that point, he parked the flatbed truck inside the shop and began loading it with company property. Around 4:30 a.m., he drove the flatbed truck out of the shop bay. After that, Johnson walked back into the shop and drove the Gator out of the shop at 4:34 a.m. He then walked back into the shop again and drove the forklift out of the shop at 4:36 a.m. Johnson is not seen on the video after 4:36 a.m.

Ultimately, both the service truck and the flatbed truck that Johnson drove out of the shop bay were stolen, as was an additional flatbed truck that does not appear in the surveillance video. In addition, a riding lawnmower, a plasma cutter, a toolbox, and a welder (among other property) were stolen that night. Neither the Gator nor the forklift was stolen.

As it turns out, the three stolen trucks were equipped with GPS trackers, and the trucks — along with the stolen equipment — were located later on the morning of November 1 in a wooded area behind a residence about 10 miles from the shop. At trial, the State presented (among other evidence) the surveillance video described above, as well as evidence that Johnson's palm print was found on the forklift that was still parked outside the company's shop. Johnson was found guilty on all counts and sentenced to a total of 40 years in prison: 20 years on the burglary count; 10 consecutive years each on Counts 2 and 3; and 10 concurrent years on Counts 4 and 5.

364 Ga. App. at 749-750 (citation and punctuation omitted).

In his direct appeal, we initially affirmed Johnson's convictions and sentences in full. *Johnson I*, slip op. at 1. Notably, Johnson raised 20 enumerations of error, including inter alia: issues with trial counsel, pretrial discovery violations, ineffective assistance of trial counsel, evidentiary errors at trial, errors in the jury instructions, and sentencing errors. In a 29-page unpublished opinion, we rejected all of Johnson's claims of error. See id., slip op. at 3-29 (1)-(20). In deciding Johnson's sentencing claim, we evaluated Johnson's merger claim using the "actual evidence" test enunciated in *Braswell v. State*, 245 Ga. App. 602, 604 (4) (538 SE2d 492) (2000), overruled in part as recognized in *Johnson II*, 313 Ga. at 158 (3) & n. 6. *Johnson I*,

4

slip op. at 15 (8) (b). In so doing, we rejected Johnson's claim that his theft by taking convictions should have merged. Id.

On certiorari review, the Supreme Court held that we erred in relying on *Braswell* and vacated our "holding regarding the merger of Johnson's theft-by-taking convictions," instructing us to conduct a "course of conduct" analysis on remand, as well as a "unit of prosecution" analysis if applicable. *Johnson II*, 313 Ga. at 158-164 (3)-(4). On remand, we conducted such analyses and concluded that "Johnson acted with the same intent" throughout his time in the company's building and thus, "all of the thefts at issue here arose from a single course of conduct." *Johnson III*, 364 Ga. App. at 752 (1) (citation and punctuation omitted).

We then conducted a "unit-of-prosecution analysis," examining the theft by taking statutes in effect at the time of Johnson's crimes to determine "whether the plain language of the statutory scheme reveals a legislative intent to allow multiple punishments for acts that constitute a continuing criminal course of conduct." *Johnson III*, 364 at 753 (2) (citation and punctuation omitted). Ultimately, we concluded that the theft by taking statutes were sufficiently ambiguous to require us to interpret them in Johnson's favor and conclude that Johnson could not be convicted or sentenced for multiple thefts (of motor vehicles and of property) that

5

were committed during a single course of conduct. Id. at 754-758 (2) (a), (b). Thus, we vacated Johnson's "convictions and sentences under Counts 3, 4, and 5 and remand[ed] this case for the trial court to merge those convictions into Johnson's conviction for Count 2 and resentence him accordingly." Id. at 758 (2) (b).

On remand, the trial court conducted a re-sentencing hearing at which Johnson was represented by counsel. At the hearing, Johnson argued that he was entitled to a full re-sentencing, even on the convictions that were not vacated on appeal. He pointed to mitigating factors that he argued should result in a lower sentence. The trial court declined to revisit the sentences it imposed for Counts 1 and 2. And following the direction of this Court, it merged Counts 3, 4, and 5 into Count 2 (resulting in a 20-year sentence for Count 1 and a consecutive 10-year sentence for Count 2). This appeal followed, counsel was allowed to withdraw, and Johnson has filed a pro se brief in this Court.

1. On appeal, Johnson asserts[1] that his theft by taking motor vehicle convictions (Count 2, 3, and 4) should be set aside. He argues that merging the convictions, as opposed to setting aside the convictions, allowed him to be convicted of more than one crime for a single transaction. This claim is meritless. The purpose of merger is to avoid duplicate punishment for the same criminal conduct, which would run afoul of substantive double jeopardy. See *Smith v. State*, 290 Ga. 768, 772 (3) (723 SE2d 915) (2012). By merging Johnson's theft by taking convictions, he was convicted of only one crime and punished only once. To the extent Johnson argues that the other theft by taking counts included in his indictment were "illegal," he is incorrect: "an accused may be prosecuted for more than one crime arising out of the same criminal conduct," so long as he is not convicted of more than one crime. *Regent v. State*, 299 Ga. 172, 175 (787 SE2d 217) (2016) (emphasis omitted). Here,

---

[1] Johnson has also filed a "Motion for En Banc Review To Correct Plain Errors." This motion appears to be seeking en banc review of the original opinion in *Johnson I*, asserting that the panel failed to address all of his claims. However, such relief is not available to him at this time. Johnson had an opportunity to seek reconsideration of the opinion at the time it was issued (which he did) and challenge the opinion in his petition for a writ of certiorari to the Supreme Court. As noted in *Johnson III*, "[b]ecause Divisions 1-8 (a) and 9-20 of our decision in *Johnson I* remain unchanged — as they were unaffected by the Supreme Court's decision in *Johnson II*," Johnson's convictions and sentences are otherwise sustained. 364 Ga. App. at 758 (3). We therefore DENY this motion.

where Johnson stands convicted of theft by taking only once, he has not shown error in this claim.[2]

2. Johnson alternatively argues that, rather than merging Counts 3, 4, and 5 into Count 2, the trial court should have merged Counts 2, 3, and 4 into Count 5. He argues that Count 5 (theft of property) is the general crime, and Counts 2, 3, and 4 (thefts of motor vehicle) are the specific crimes, and the convictions must merge in the way that imposes the least severe punishment. In his case, that would mean merging the theft by taking counts into a sentence that ran concurrently to the burglary sentence in Count 1. Johnson misunderstands the principles he is asserting.

As described in *Johnson III*, 364 Ga. App. at 754 (2), the theft by taking statutes under which Johnson was convicted (those in effect as of the date of the offenses, November 2007) read as follows. OCGA § 16-8-2 provided:

> A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated.

---

[2] Johnson makes a similar argument in his third enumeration of error — that he was entitled to a new trial based on a Double Jeopardy violation. However, for the reasons explained above, this argument is meritless.

OCGA § 16-8-12 provided:

> (a) A person convicted of a violation of Code Sections 16-8-2 through 16-8-9 shall be punished as for a misdemeanor except:

> (1) If the property which was the subject of the theft exceeded $500.00 in value, by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor; [or]

> . . .

> (5) (A) The provisions of paragraph (1) of this subsection notwithstanding, if the property which was the subject of the theft was a motor vehicle or was a motor vehicle part or component which exceeded $100.00 in value . . ., by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor; provided, however, that any person who is convicted of a second or subsequent offense under this paragraph shall be punished by imprisonment for not less than one year nor more than 20 years.

Under these statutes, there were no "general" and "specific" offenses. All of Johnson's convictions were for theft by taking as defined in OCGA § 16-8-2. Indeed, the case relied upon by Johnson to argue that theft by taking (motor vehicle) is a more "specific" crime than theft by taking (property) says the opposite of what he is

9

arguing. See *Hubbard v. State*, 168 Ga. App. 778, 779 (2) (310 SE2d 556) (1983) ("Motor vehicle theft is not a separate crime from the general theft statute.").

Because the thefts arose from a single course of conduct, he is guilty of only one offense. Under OCGA § 16-8-12 (a) (1) and (5), both his theft by taking (motor vehicle) offenses and his theft by taking (property) offense carried the same potential sentence — not less than one nor more than ten years. Here, the trial court sentenced Johnson to ten years for the theft by taking conviction. Whether the sentence should run consecutively or concurrently to his sentence for burglary was up to the discretion of the trial judge. *Miller v. State*, 351 Ga. App. 757, 769 (2) (b) (833 SE2d 142) (2019) ("trial courts have great discretion in determining whether to run sentences concurrently or consecutively" so long as they are within the statutory allowances) (citation and punctuation omitted). Accordingly, Johnson could have been sentenced to the same term of years whether his offenses merged into Count 2 or Count 5.

Johnson's reliance on *Thompson v. State*, 263 Ga. 23, 25 (2) (426 SE2d 895) (1993) is also misplaced. *Thompson* explains that, "where it is unclear which of two or more felonies is the underlying felony for a felony murder conviction, the trial court must merge the most severe (in terms of potential punishment)." Id. In

Johnson's case, however (in addition to not involving felony murder) all of Johnson's offenses are all under the same criminal statute, and all carry the same punishment.

Accordingly, for the reasons explained above, Johnson has shown no error in his resentencing, and we affirm the trial court's final order.

*Judgment affirmed. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*