## S08A1396. HUDSON v. THE STATE.
### (669 SE2d 94)

MELTON, Justice.

Following a jury trial, Janice Delores Hudson was found guilty of murder, felony murder, and possession of a knife during the commission of a crime.[1] On appeal, Hudson contends that the evidence was insufficient to support the verdict, that the trial court erred in denying her motion for a continuance, that the trial court erred in refusing to allow a defense witness to testify, that the trial court erred by charging the jury on both accident and self-defense, and that she received ineffective assistance of counsel. We affirm.

1. Viewed in the light most favorable to the verdict, the evidence reveals that on September 23, 2002, Hudson stabbed her husband in the chest with a butcher knife after her husband accused her of having an affair. Hudson called 911, and when a police officer arrived at the scene, Hudson admitted to the officer that she had stabbed her husband. She claimed, however, that she did not mean for the knife to go so far into her husband's body and that the stabbing had occurred by accident. Despite this contention, Hudson later admitted at trial that she tried to force her husband back with the knife when

---

[1] On September 3, 2002, Hudson was indicted for malice murder, felony murder (with aggravated assault as the underlying offense), and possession of a knife during the commission of a crime. Following a jury trial on September 22-25, 2003, Hudson was found guilty of felony murder and possession of a knife during the commission of a crime, and she was acquitted of malice murder. On October 28, 2003, Hudson was sentenced to life imprisonment for felony murder and five consecutive years for possession of a knife during the commission of a crime. Hudson filed a motion for new trial on November 26, 2003, which she amended on November 5, 2007. The trial court denied Hudson's motion for new trial on November 28, 2007. Hudson's appeal was docketed in this Court on May 1, 2008, and submitted for decision on the briefs.

she felt the knife penetrate his body. Hudson's husband was not breathing and showed no signs of life when the paramedics arrived at the scene, and he was pronounced dead approximately one hour after the stabbing had taken place.

The evidence was sufficient to enable a rational trier of fact to find that, despite her claims of self-defense and accident, Hudson was guilty of all of the crimes for which she was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Davis v. State*, 269 Ga. 276 (1) (496 SE2d 699) (1998) (evidence sufficient to sustain felony murder conviction where defendant claimed she did not recall seeing the victim stabbed, but admitted that she must have stabbed him when she turned from the counter where she had been cutting onions).

2. Hudson argues that the trial court erred in denying her motion for a continuance, filed three days before the trial was to commence, because Hudson had not been able to contact Dr. Revell, the State medical examiner who had conducted the autopsy on Hudson's husband. However, at the time that the motion for continuance was argued, Hudson was already on notice that the State would not be calling Dr. Revell to testify. Instead, the State would be presenting an autopsy review and report that was prepared by a second pathologist. In any event, there was no dispute in this case as to the cause of the victim's death — stabbing — such that Dr. Revell's testimony would have been material to the defense. See OCGA § 17-8-25 (among other things, movant must show that testimony of absent witness is material in order for continuance to be granted). The trial court therefore did not abuse its discretion in denying Hudson's motion for a continuance. See, e.g., *Martin v. State*, 268 Ga. 682 (2) (492 SE2d 225) (1997).

3. Hudson contends that the trial court erred by refusing to allow testimony from Alton Turner, a witness whose existence the defense disclosed to the State on the third day of trial. However, under the reciprocal discovery rules, a defendant's attorney must furnish opposing counsel with information on defense witnesses "no later than five days prior to trial." OCGA § 17-16-8 (a). Otherwise, the trial court may, "upon a showing of prejudice and bad faith, prohibit the defendant from introducing the evidence not disclosed." OCGA § 17-16-6.

Here, the trial court was authorized to find prejudice to the State because the State was not informed of Turner as a possible witness until the third day of trial and had no opportunity to investigate his testimony or his background. Similarly, the trial court was authorized to find bad faith, because defense counsel knew about Turner's existence and had a plan to call him as a potential witness prior to

trial, and yet failed to inform the State about Turner until the third day of trial. The trial court did not abuse its discretion in excluding Turner's testimony. See *Acey v. State*, 281 Ga. App. 197 (2) (635 SE2d 814) (2006) (trial court did not abuse its discretion in excluding testimony of defense witnesses where defense knew of witnesses prior to trial and intended to call them to testify but did not disclose witnesses to State until day of trial).

4. Hudson claims that the trial court erred when it charged the jury on both the defenses of self-defense and accident.

> There is no hard and fast rule, in a homicide case, that the law of accident and of self defense are always "mutually exclusive." Whether both are involved is initially a question of law for the trial court. Where the court finds evidence of the involvement of both, and there has been a timely request for instruction as to both, the court should charge the jury as to both. The defendant should not be forced to elect between the two.

(Footnote omitted.) *Turner v. State*, 262 Ga. 359, 361 (2) (c) (418 SE2d 52) (1992).

Here, Hudson testified that her husband was threatening her and that she used the knife to force him to get back. She also testified that she did not mean to stab him and that she did not understand how the knife became lodged in his chest. The evidence therefore supported charges on both self-defense and accident. *Turner*, supra at 361 (2) (c).

5. Finally, Hudson contends that she received ineffective assistance of counsel. Specifically, Hudson claims that (a) trial counsel's investigation of potential witnesses was inadequate, (b) trial counsel was ineffective in failing to provide Turner's name to the State in a timely manner, and (c) trial counsel injected confusion by requesting charges on both accident and self-defense. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Terry v. State*, 284 Ga. 119 (663 SE2d 704) (2008), citing *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibil-

ity determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) Hudson argues that trial counsel was ineffective because she did not timely locate two potential witnesses, Alton Turner and Gail Garnigan, each of whom would have testified regarding Hudson's husband's general reputation for violence in support of Hudson's claim of self-defense.

At the motion for new trial hearing, Turner testified that, at some point in the past,[2] Hudson's husband threatened him, his ex-fiancé, and her son with a pistol. He testified that Mr. Hudson, who was drunk, drove up to Turner's car, and then jumped out of his own car and started threatening them while waving a pistol. Turner and his compatriots drove away from the scene, and Mr. Hudson followed them, once again waving a pistol at them when they stopped their car. On cross-examination, the State attacked Turner's credibility and his ability to properly recall events by pointing out his struggles with alcohol and his serving time in jail due to a probation violation in connection with a DUI. The trial court concluded that, in light of Turner's demeanor at the motion for new trial hearing and the credibility problems that he would have presented as a trial witness, his testimony would not have been helpful to the defense. Because Turner's credibility was a matter left to be decided by the trial court at the motion for new trial hearing, we cannot say that the trial court erred in determining that Turner's absence from trial did not result in any prejudice to Hudson's defense. See *Sweet v. State*, 278 Ga. 320 (3) (602 SE2d 603) (2004) (no ineffective assistance shown where trial counsel failed to call witness at trial that gave unhelpful testimony at motion for new trial hearing).

With respect to Garnigan, trial counsel testified at the motion for new trial hearing that she only had Garnigan's first name, and did not have an address or telephone number for Garnigan, when she attempted to locate her several months prior to trial. Trial counsel also hired a private investigator several months before trial in an effort to find Garnigan, and even personally visited a store where Garnigan allegedly worked in an attempt to find her. Trial counsel's efforts, however, were unsuccessful. In light of the limited amount of information about Garnigan that was available to trial counsel prior to trial, the fact that counsel failed to locate Garnigan despite her good faith efforts to do so did not amount to deficient performance. See *Freeman v. State*, 278 Ga. 349 (2) (a) (603 SE2d 214) (2004).

---

[2] Turner did not give any specific year or date.

Because evidence supports the conclusion that trial counsel was not ineffective, Hudson's claim to the contrary is without merit. Id.

(b) Hudson asserts that trial counsel was ineffective because she failed to notify the State that Turner was a potential witness until the third day of trial. However, as explained above, the trial court found at the motion for new trial hearing that Turner's testimony would not have been helpful to Hudson. Thus, evidence supports the trial court's conclusion that the omission of Turner's testimony did not prejudice Hudson's defense. Therefore, Hudson has not met her burden of demonstrating ineffective assistance of counsel.

(c) Hudson claims that trial counsel was ineffective because she requested jury charges on both accident and self-defense. However, as explained in Division 4, supra, charges on both self-defense and accident were warranted in this case. Thus, Hudson's contention provides no basis for a finding of ineffective assistance.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 2008.

*Marion A. Clark II, Christopher G. Paul,* for appellant.

*T. Joseph Campbell, District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General,* for appellee.