## S08A1654. HOOPER v. THE STATE.

(672 SE2d 638)

MELTON, Justice.

Following a jury trial, Kevin Lamar Hooper was found guilty of malice murder, felony murder, voluntary manslaughter, two counts of aggravated assault, and possession of a knife during the commission of a crime.[1] On appeal, Hooper contends that the trial court erred by not allowing him to impeach a State's witness through the use of the witness's prior nolo contendere plea to a shoplifting charge, and by refusing to charge the jury on the lesser included offense of involuntary manslaughter. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that, on February 13, 2004, Kevin Hooper went drinking with Kris Dowdy and Michael Hill at a local bar. Hooper tried to start fights with bar patrons, causing all three men to be kicked out of the bar. Dowdy and Hill talked police out of taking Hooper to jail, and instead took Hooper to Hill's apartment, where they left him to continue their evening.

When they returned to the apartment, they found Hooper drunk and belligerent. While in the apartment, Hill heard Dowdy yell from behind him that he had been stabbed. Hill turned and saw Hooper run out of the apartment. He gave chase, found Hooper, and beat him up for stabbing his friend. Hill then returned to the apartment to find Dowdy fatally wounded from the stab wound inflicted by Hooper.

At trial, Hooper testified that he acted in self-defense. He said that Dowdy and Hill attacked him, and he picked up a knife to defend himself and stabbed Dowdy in the chest. Despite Hooper's claim of self-defense, however, the evidence was sufficient to allow a rational trier of fact to find him guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Hudson v. State*, 284 Ga. 595 (1) (669 SE2d 94) (2008).

---

[1] On May 7, 2004, Hooper was indicted for malice murder, felony murder, voluntary manslaughter, two counts of aggravated assault, and possession of a knife during the commission of a crime. Following a November 8-9, 2004 jury trial, Hooper was found guilty on all counts. On November 10, 2004, Hooper was sentenced to life for the malice murder plus five years consecutive for the possession of a knife during the commission of a crime count. The conviction for felony murder was vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the trial court merged the remaining counts into the malice murder count for purposes of sentencing. Hooper filed a motion for new trial on December 8, 2004, which he amended on May 30, 2007, and October 12, 2007. On April 24, 2008, the motion was denied. Hooper's timely appeal was docketed in this Court on June 17, 2008, and submitted for decision on the briefs.

1. Hooper argues that the trial court erred in not allowing him to impeach Hill's credibility as a witness at trial based on Hill's previous entry of a nolo contendere plea to misdemeanor shoplifting. However, "[e]xcept as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant *in any other court or proceedings as an admission of guilt or otherwise or for any purpose*." (Emphasis supplied.) OCGA § 17-7-95 (c). "When the legislature prohibited the use of such a plea against the defendant in any other court for *any* purpose, it did not carve out an exception for impeachment." (Citation and punctuation omitted; emphasis in original.) *Pitmon v. State*, 265 Ga. App. 655, 659 (2) (595 SE2d 360) (2004). Accordingly, we find no error in the trial court's refusal to allow the use of Hill's nolo contendere plea for impeachment purposes. Id.

2. Hooper contends that the trial court erred by refusing to charge the jury on the lesser included offense of involuntary manslaughter. Specifically, Hooper claims that, because he used a knife rather than a gun to allegedly defend himself from an attack by Hill and Dowdy, he should be entitled to a jury instruction on involuntary manslaughter. See OCGA § 16-5-3 (b) ("A person commits the offense of involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being without any intention to do so."). See also *Crawford v. State*, 245 Ga. 89 (3) (263 SE2d 131) (1980) (noting a distinction between use of knives and use of a gun in deciding that defendant who claimed to use gun in self-defense was not entitled to jury instruction on involuntary manslaughter). However, this Court has specifically held that

> a defendant who seeks to justify homicide under the "self-defense" statute . . . is not entitled to an additional instruction on involuntary manslaughter in the course of a lawful act . . . *whatever* the implement of death. For if he is justified in killing under OCGA § 16-3-21 . . . he is guilty of no crime at all. If he is *not* so justified, the homicide does not fall within the "lawful act" predicate of OCGA § 16-5-3 (b) . . . for the jury, in rejecting his claim of justification, has of necessity determined thereby that the act is not lawful.

(Punctuation omitted; emphasis in original.) *Saylors v. State*, 251 Ga. 735, 737 (3) (309 SE2d 796) (1983).

This enumeration is therefore without merit. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 2009.

*Jason W. Swindle,* for appellant.

*Leigh E. Patterson, District Attorney, Harold W. Goldin, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General,* for appellee.