### A09A1935. HILL v. THE STATE.
(684 SE2d 356)

ELLINGTON, Judge.

Nathaniel Hill's brother died from a stab wound to his chest that he received during an altercation with Hill on September 16, 2003. A Fulton County jury found Hill guilty of voluntary manslaughter, OCGA § 16-5-2, as a lesser included offense of felony murder, OCGA § 16-5-1 (c); aggravated assault, OCGA § 16-5-21 (a) (2) (with an object that when used offensively against a person is likely to result in

---

serious bodily injury); and possession of a knife during the commission of a felony against or involving the person of another, OCGA § 16-11-106 (b) (1). Following the denial of his motion for a new trial, Hill appeals, contending, inter alia, that the trial court erred when it refused to give the jury instruction he requested regarding the defense of accident. Hill argues that the accident charge was warranted by evidence adduced at trial that the victim was accidentally impaled on a knife Hill was holding. For the reasons explained below, we reverse.

The record shows that the only eyewitness, a neighbor who was visiting the victim the evening he died, could not say whether Hill intentionally stabbed the victim. The neighbor testified that he was in the restroom when he heard Hill arguing with the victim in the hall between their bedrooms and heard the sounds of a struggle. When the neighbor came out of the restroom, he saw Hill and the victim still "tussling" and then heard the victim say, "he stabbed me." The neighbor never saw any weapons.

Hill testified at trial that he and the victim began arguing after he came home from work that day. According to Hill, he went to the door of the victim's bedroom to speak to the neighbor who was visiting the victim, and the victim forcefully pushed him back into his (Hill's) own room across the hall. Hill testified that the victim, who was much taller than he is, got a large pipe wrench and "put it in batting range." At that point, according to Hill, he felt threatened, and because of that he picked up his work knife, which was lying on his dresser. Hill testified, "I said, 'If you hit me, I am going to stick you.' I was just teasing, you know. He ran up [on] me, I swear, he stuck himself. When I stuck him, I caught him [as he fell toward me] because I felt that I had stuck him." Hill theorized that his knife scratched the victim's back as he caught the victim under the arms and that is how the victim acquired a second, superficial knife wound to his back. Hill told the neighbor to call 911 while he gave the victim mouth-to-mouth resuscitation; he did not flee the scene. Hill testified that he did not mean to kill the victim, that he was "sorry for what happened," and that "it was a mistake."

The trial court concluded that evidence that Hill was holding the knife to defend himself after the victim threatened him with a pipe wrench warranted a jury instruction on the defense of justification. The trial court reasoned, however, that the evidence did not also warrant an instruction on the defense of accident because Hill's act of intentionally picking up the knife for that purpose constituted, at the least, criminal negligence.

1. "To authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge. Whether the evidence presented is sufficient to authorize the

giving of a charge is a question of law." (Citations omitted.) *Davis v. State*, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998). With regard to the defense of "accident," OCGA § 16-2-2 provides as follows: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." Pursuant to OCGA § 16-3-21 (a),[1] the defense of justification applies when the defendant "reasonably believed that the imminent use of unlawful force was to be perpetrated against him." *Alexis v. State*, 273 Ga. 423, 426 (4) (541 SE2d 636) (2001). Because the defense of justification involves an intentional act and accident does not, both defenses are not generally involved in a single case.[2] "There is no hard and fast rule, [however, that] in a homicide case . . . the law of accident and of self defense are always 'mutually exclusive.' " *Turner v. State*, 262 Ga. 359, 361 (2) (c) (418 SE2d 52) (1992). Georgia's appellate courts have recognized that the evidence will support a charge on both justification and accident in a case where the evidence supports an inference that the defendant was armed with a weapon while defending himself or herself from another party and that other party was accidentally wounded or killed by that weapon. Id.[3] In such a

---

[1] OCGA § 16-3-21 (a) provides:

A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force; however, except as provided in Code Section 16-3-23, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury to himself or herself or a third person or to prevent the commission of a forcible felony.

[2] *Turner v. State*, 262 Ga. 359, 360 (2) (b) (418 SE2d 52) (1992); *Lewis v. State*, 292 Ga. App. 257, 264 (2) (663 SE2d 721) (2008).

[3] See *Hudson v. State*, 284 Ga. 595, 597 (4) (669 SE2d 94) (2008) (where the defendant testified that, while her husband was threatening her, she used a knife to force him to step back, that she did not intend to stab him, and that she did not understand how the knife became lodged in his chest, the trial court correctly instructed the jury on the defenses of justification and accident); *Koritta v. State*, 263 Ga. 703, 704-705 (438 SE2d 68) (1994) (where the defendant testified that the victim was recklessly playing with a loaded gun near the defendant and his child, that he wrested the gun away from the victim for his own and his family's safety, and that his body jerked in anticipation of a blow from the victim, accidentally causing the gun to fire, the trial court erred in refusing to give the requested charge on justification, in addition to the charge on accident); *Turner v. State*, 262 Ga. at 361 (2) (b) (where the defendant testified that he was holding a gun while he argued with the victim, who was holding a knife, that the victim jumped at him and tried to take the gun, and that the gun accidentally discharged while they struggled for control of it, the trial court erred in refusing to give the requested charge on accident in addition to the charge on justification); *Lewis v. State*, 292 Ga. App. at 264-266 (2) (where the defendant testified that the victim tried to stab him with a knife, that he was afraid for his life, and that a gun he was holding discharged when the victim grabbed onto the gun and the two men fell, the trial court erred in refusing to give the requested charge on justification, in addition to the charge on accident); see also *Stapp v. State*, 273 Ga. App. 899, 902-903 (616 SE2d 215) (2005) (where the defendant testified that the

case, the defendant is not required to elect between the two defenses but is entitled to have the jury, under proper instruction, to determine which, if either, of the defenses is applicable. *Hudson v. State*, 284 Ga. 595, 597 (4) (669 SE2d 94) (2008); *Koritta v. State*, 263 Ga. 703, 704-705 (438 SE2d 68) (1994); *Turner v. State*, 262 Ga. at 361 (2) (b). When the evidence supports a charge on both justification and accident, the trial court's failure to give both instructions, when requested by the defendant, is error. *Koritta v. State*, 263 Ga. at 704-705; *Turner v. State*, 262 Ga. at 360-361 (2) (b); *Lewis v. State*, 292 Ga. App. 257, 264-266 (2) (663 SE2d 721) (2008).[4]

Based on the evidence presented in this case, we conclude that at least slight evidence supported the theory that Hill armed himself with the knife in order to fend off the victim's attack with the pipe wrench and that, although he was prepared to intentionally stab the victim in self-defense, he did not do so but, rather, that the victim lunged at Hill and in so doing impaled himself on the knife. Because the defense of accident was raised by the evidence, the trial court erred in not charging the jury on that principle as requested. *Turner v. State*, 262 Ga. at 361 (2) (b). Furthermore, we cannot say that it is highly probable that the failure to give the requested charge did not contribute to the verdict. The evidence against Hill was sufficient but far from overwhelming. Under these circumstances, Hill's voluntary manslaughter and aggravated assault convictions must be reversed. *Lewis v. State*, 292 Ga. App. at 266 (2). In addition, Hill's conviction for possession of a knife in the commission of a crime must also be reversed in light of the reversal of his convictions for the

victim attacked him and pulled a knife from his pocket, that he and the victim struggled over the knife, and that he did not know how the victim was stabbed in the leg, the defendant's trial counsel rendered ineffective assistance when he failed to request jury instructions on both justification and accident, to which the defendant was entitled); see generally Milton Roberts, "Accused's right, in homicide case, to have jury instructed as to both unintentional shooting and self-defense," 15 ALR4th 983.

[4] We note that, in contrast to the situation presented in *Turner v. State* and its progeny, when the evidence demands a finding that a defendant intentionally fired a gun or intentionally stabbed the victim with a knife, the defendant is not entitled to a jury instruction on the defense of accident. *Dolensek v. State*, 274 Ga. 678, 681 (6) (558 SE2d 713) (2002) (the defendant admitted that he intentionally shot the victim); *Jenkins v. State*, 270 Ga. 607, 608 (2) (a) (512 SE2d 269) (1999) (the victim sustained multiple stab wounds to the chest, neck, and head, and the defendant continued to severely beat the victim after a police officer ordered him to stop); *Shorter v. State*, 270 Ga. 280, 280-281 (2) (507 SE2d 757) (1998) (the defendant admitted that he intentionally pointed a gun and fired it); *Riley v. State*, 250 Ga. App. 427, 429-430 (2) (551 SE2d 833) (2001) (the defendant admitted that she was stabbing at the victim as they struggled). Furthermore, *Turner v. State* and its progeny do not apply when the evidence demands a finding that the defendant armed himself or herself other than in self-defense. *Davis v. State*, 269 Ga. at 279-280 (3) (when the defendant picked up a knife and pointed it at her fiancé to stop his verbal abuse, she acted with, at least, criminal negligence; as a result, even if she unintentionally wounded her fiancé's brother as she turned with the knife in her hand, she was not entitled to a jury instruction on the defense of accident).

underlying crimes of voluntary manslaughter and aggravated assault. Id. The case is remanded for a new trial.

2. In light of the foregoing, Hill's remaining arguments are moot.

*Judgment reversed and case remanded. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 24, 2009.

*Jimmonique R. S. Rodgers*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.