301 Ga. 871
FINAL COPY

S17A1146. CRUMP v. THE STATE.

MELTON, Presiding Justice.

Following a jury trial, Earl Crump was found guilty of murder and various other offenses in connection with the shooting death of Simon Riley.[1] In his sole enumeration on appeal, Crump contends that he received ineffective assistance of trial counsel. We affirm.

1. Viewed in the light most favorable to the verdict, the record shows that,

---

[1] On May 18, 2008, Crump was indicted for malice murder, two counts of felony murder (predicated on aggravated assault and possession of a firearm by a convicted felon), aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Following a December 7-10, 2009 jury trial, Crump was found guilty on all counts. On December 10, 2009, Crump was sentenced to life imprisonment for murder and five consecutive years for each of the possession of a firearm counts. The felony murder counts were vacated by operation of law, Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the aggravated assault count was merged into the malice murder count for sentencing purposes. Crump filed a motion for new trial on December 22, 2009, which he amended with new counsel on October 2, 2015. After two hearings on the motion, it was denied on June 2, 2016. Crump filed a timely notice of appeal, and, following the payment of costs, his appeal was docketed to the April 2017 term of this Court and submitted for decision on the briefs.

at around 9:30 p.m. on March 8, 2009, Crump, a convicted felon, went to Riley's home and rang the doorbell. Riley knew Crump, so Riley let him into the house. After Crump spoke with Riley for a few minutes, Crump pulled out a gun and shot Riley in the head three times and once in the arm, killing him.

Riley's brother, Roxberg, who was also at the home and in his bedroom at the time of the shooting, saw Crump leaving the scene and getting into a car that he recognized as Crump's. Roxberg also later identified Crump in a photographic lineup. Roxberg called 911 upon finding his brother's body downstairs, and he was able to help police in their search for Crump by letting them know where Crump lived.

After the shooting, Crump told an acquaintance, Morris Guerra, that he had panicked and that "something went wrong." Crump also threatened to kill Guerra's family if Guerra testified against him. Additionally, Crump asked another acquaintance if he knew how a person could remove gunpowder residue from his hands.

Police apprehended Crump the morning after the shooting, and, after being read his Miranda rights, he agreed to be interviewed by them. Police also obtained a positive test for gun powder residue from Crump's hands, and they

2

found .38 caliber shell casings at the crime scene and .380 caliber bullets at Crump's home that came from the same gun as the one used in the shooting. During Crump's recorded interview with police, Crump admitted that he had owned a .38 caliber gun (which he had allegedly sold) and that he had been to Riley's home on the evening of the murder. Also, while police were out of the interview room, but while Crump was still being recorded, Crump said to himself, "Moe better not say a word," and "Hmm, kill Roxberg," "I knew I should have," "One f****** witness."

This evidence was sufficient to enable the jury to find Crump guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Crump contends that he received ineffective assistance of counsel because his trial attorney failed to object to the admission into evidence of a ballistics testing report and testimony about the results of that report that showed that the unspent rounds recovered at Crump's home came from the same gun that was used in the murder. Specifically, he claims that, because counsel received the ballistics report on the morning of trial, rather than at least ten days prior to trial, counsel was ineffective for failing to object to the admissibility of

3

the ballistics evidence relating to the results contained in the report. See OCGA § 17-16-4 (a) (4) ("The prosecuting attorney shall, no later than ten days prior to trial, or as otherwise ordered by the court, permit the defendant at a time agreed to by the parties or ordered by the court to inspect and copy or photograph a report of any physical or mental examinations and of scientific tests or experiments"). We disagree.

> In order to succeed on his claim of ineffective assistance, [Crump] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U. S. 668 (104 SC[t] 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

Crump cannot succeed on either prong of the Strickland test. As an initial matter, to the extent that Crump claims that the report itself never should have been admitted into evidence at trial, such a claim is baseless, as the report about

4

which Crump complains was never actually admitted into evidence at his trial.[2]

Crump's counsel cannot be deemed to have performed deficiently by failing to lodge an unnecessary objection. See, e.g., Vaughn v. State, 307 Ga. App. 754, 759 (4) (706 SE2d 137) (2011) (Allegation of ineffective assistance was "totally without merit" in situation where "it was not necessary for defense counsel to make an objection"). Furthermore, there is no evidence that the State acted in bad faith with respect to the time within which it provided the report to trial counsel, as the record reveals that the State provided the test results to defense counsel as soon as they became available. Accordingly, an objection to the admissibility of the ballistics evidence would have been unsuccessful. Cockrell v. State, 281 Ga. 536, 539 (3) (640 SE2d 262) (2007) (Lab report that was not provided to defense counsel more than ten days before trial, but was provided as soon as the State received it on the third day of trial, was nevertheless admissible, as "the severe sanction of exclusion of evidence [for violation of the ten-day rule] applies only where there has been a showing of bad faith by the

---

[2] The record reveals that, while Crump introduced the ballistics report into evidence at the second motion for new trial hearing, the document was never actually admitted into evidence at Crump's trial.

5

State *and* prejudice to the defense") (emphasis in original). "Failure to make a meritless objection cannot be evidence of ineffective assistance." Hayes v. State, 262 Ga. 881, 884 (3) (c) (426 SE2d 886) (1993). Further, to the extent that Crump claims that his trial counsel should have objected to the State's expert's testimony at trial based on having received the ballistics report less than ten days prior to trial, we find that the admission of this testimony could not have created a reasonable probability that the outcome of the trial would have been different in light of the overwhelming evidence of Crump's guilt, including the fact that Roxberg saw and recognized Crump as he left the scene of the crime, Crump's own admission that he was at the crime scene on the evening of the murder, and Crump's expression of regret that he did not kill Roxberg — the only potential witness to the crime. See, e.g., Dawson v. State, 300 Ga. 332 (794 SE2d 132) (2016). Moreover, trial counsel testified at the motion for new trial hearing that he was not surprised by the test results, that he fully discussed the ballistics report with Crump prior to trial, and that the test results did nothing to change his trial strategy. We find no merit to Crump's claim of ineffective assistance.

Judgment affirmed. All the Justices concur.

6

Decided August 28, 2017.

Murder. Paulding Superior Court. Before Judge Bucci.

Richard M. Darden, for appellant.

Donald R. Donovan, District Attorney, Anthony B. Williams, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, S. Taylor Johnston, Assistant Attorney General, for appellee.