**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 8, 2022**

# In the Court of Appeals of Georgia

A22A0439. MULLINS v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury found Barry Mullins guilty of aggravated assault. Mullins appeals from his conviction and the denial of his motion for new trial, asserting that his trial counsel provided ineffective assistance. Finding no error, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Echols v. State*, 361 Ga. App. 864, 865 (865 SE2d 839) (2021). So viewed, the evidence shows that Mullins and the victim, who was or had been his girlfriend, began arguing at the victim's home. Mullins lunged at the victim with a knife and stabbed her multiple times. The victim's minor daughter witnessed the

stabbing, and the victim provided statements to law enforcement officers about Mullins's attack.[1]

Mullins was indicted on one count of aggravated assault (Count 1), one count of family violence battery (Count 2), and one count of cruelty to children in the third degree (Count 3). Count 1 alleged that Mullins assaulted the victim with a knife. Count 2 alleged that Mullins committed family violence battery against the victim's daughter. A nolle prosequi was entered on the cruelty to children charge before trial.

At trial, the victim's daughter testified that she saw Mullins stab the victim. A deputy sheriff testified that the victim told the deputy that Mullins (a) "lunged at her and began stabbing her" and (b) said, "I told you I was going to kill you, bitch." According to a sheriff's investigator, the victim "stated that she did not feel the stab wounds, but she recalled" "seeing him on top of her coming with a downward motion like she was being stabbed." The victim told the investigator that she realized afterward that she had been stabbed. A video recording of the victim's interview with the investigator was played for the jury. Despite her statements to the law enforcement officers, at trial the victim claimed that she picked up a knife from under

---

[1] Mullins does not raise any hearsay challenges to any out-of-court statements on appeal.

a bed, Mullins tried to get it out of her hand, and they ended up struggling over the knife. The victim testified, "I can't come here and say I was actually stabbed because I do not — I mean, I don't have — I don't have that information in my head that I was actually stabbed."

Mullins told the investigator that he "awoke to being stabbed." The investigator testified, however, that Mullins had "[n]o stab wounds and no knife wounds."

A nurse testified that the victim came into the hospital with multiple stab wounds. A trauma surgeon who treated the victim testified that one of the stab wounds caused the victim's lung to collapse. According to the surgeon, this stab wound was at least two inches deep and penetrated the victim's chest cavity. The surgeon was asked whether, in his training and experience, "that [would] take an amount of force to penetrate?" The surgeon answered, "Yes." In addition, the sheriff's investigator testified that cuts on the victim's arm and hand were "classic defensive wounds."

The jury found Mullins guilty of aggravated assault and not guilty of family violence battery. Mullins filed a motion for a new trial, which he amended twice.

3

After a hearing, the trial court denied Mullins's motion for a new trial. This appeal followed.

On appeal, Mullins contends that he received ineffective assistance of trial counsel because trial counsel failed to (a) request a jury charge on accident and (b) object and move for a mistrial in response to what Mullins asserts was improper closing argument from the prosecutor.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984), Mullins must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Sullivan v. State*, 308 Ga. 508, 510 (2) (842 SE2d 5) (2020). To establish deficient performance, Mullins must "demonstrate that his attorney performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms." Id. (citation and punctuation omitted). To show prejudice, Mullins must establish a reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different. Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (citation and punctuation

4

omitted). If an appellant fails to satisfy either prong of the *Strickland* test, it is not incumbent upon this Court to examine the other prong. Id.

Whether a trial attorney renders constitutionally ineffective assistance is a mixed question of law and fact. *Sullivan*, 308 Ga. at 510 (2). Appellate courts affirm a trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to those facts. Id. at 510-511 (2). After reviewing Mullins's claims in accordance with the above standards, we conclude that Mullins has not met his burden of demonstrating that his trial counsel was ineffective.

(a) Mullins first argues that his trial counsel was ineffective for failing to request a jury charge on accident. "[T]o authorize a jury instruction[,] there only need be produced at trial slight evidence supporting the theory of the charge." *State v. Newman*, 305 Ga. 792, 796-797 (2) (a) (827 SE2d 678) (2019) (citation and punctuation omitted)."Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." *McClure v. State*, 306 Ga. 856, 863 (1) (834 SE2d 96) (2019) (citation and punctuation omitted). "When a claim of ineffective assistance is based on the failure to request a jury charge, the relevant inquiry is whether the charge, if it had been requested, was warranted by the evidence, and if it had been given, whether there is a reasonable probability that it would have

5

changed the outcome of the trial." *Bradley v. State*, 322 Ga. App. 541, 545 (3) (a) (745 SE2d 763) (2013) (citation and punctuation omitted).

Although the trial court gave a jury instruction on self-defense, Mullins's trial counsel did not request a jury instruction on accident. "Generally, either accident or self defense will be involved in a case, but not both." *Turner v. State*, 262 Ga. 359, 360 (2) (b) (418 SE2d 52) (1992). "This is because they are for the most part mutually exclusive, in that self-defense involves an intentional act and accident does not." *Kilpatrick v. State*, 252 Ga. App. 900, 903 (2) (557 SE2d 460) (2001). However, "Georgia's appellate courts have recognized that the evidence will support a charge on both [self defense] and accident in a case where the evidence supports an inference that the defendant was armed with a weapon while defending himself or herself from another party and that other party was accidentally wounded or killed by that weapon." *Hill v. State*, 300 Ga. App. 210, 212 (1) (684 SE2d 356) (2009). "In such a case, the defendant is not required to elect between the two defenses but is entitled to have the jury, under proper instruction, . . . determine which, if either, of the defenses is applicable." Id. at 212-213 (1).

Mullins argues that there was evidence presented during his trial that supported a jury charge on accident. Specifically, he contends that the victim "testified at trial

6

that she grabbed a knife from under the bed and that [Mullins] tried to take it away from her. She testified that during the struggle over the knife the defendant fell on top of her." Mullins also points to the following testimony by the victim: "Well, we were struggling over the knife. I can't come here and say I was actually stabbed because I do not — I mean, I don't have — I don't have that information in my head that I was actually stabbed. But I know that we were struggling with the knife."

Assuming, without deciding, that this evidence was sufficient to authorize a jury charge on accident, Mullins has failed to show prejudice. The evidence of accident cited by Mullins was, at best, slight. The State, on the other hand, presented compelling evidence that Mullins acted intentionally, including eyewitness testimony from the victim's daughter that Mullins stabbed the victim, testimony from a law enforcement officer that the victim's wounds on her arm and hand were defensive, testimony from the trauma surgeon that the stab wound that penetrated the victims's chest cavity causing her lung to collapse was at least two inches deep and would have taken "an amount of force," and the victim's statements to law enforcement officers that Mullins stabbed her.

Furthermore, although the jury was not instructed on accident, it was instructed on the presumption of innocence and the State's burden of proof. The jury charge

explicitly instructed the jury that the State was required to prove the element of intent beyond a reasonable doubt. Because the element of intent is incompatible with Mullins's theory of accident, when the jury found Mullins guilty of aggravated assault, which requires a showing of intent, "it necessarily must have discredited" the theory that Mullins's actions were accidental. *McClain v. State*, 303 Ga. 6, 10 (2) (810 SE2d 77) (2018). See also *Cline v. State*, 199 Ga. App. 532, 533 (2) (405 SE2d 524) (1991) (aggravated assault committed by means of a deadly or offensive weapon requires general criminal intent).

Considering the record as a whole, Mullins has not shown that the outcome of his trial would have been different if the jury had been charged on accident. See *Gaston v. State*, 307 Ga. 634, 639 (2) (a) (837 SE2d 808) (2020) (defendant failed to show a reasonable probability that the outcome of his trial would have been different had trial counsel requested a self-defense instruction because evidence supporting a justification theory was weak). "Consequently, [Mullins] has failed to show that he was prejudiced by trial counsel's alleged deficient performance." Id.

(b) Mullins next argues that his trial counsel rendered ineffective assistance by failing to object and move for a mistrial in response to improper closing argument by the State. Mullins contends that the following statements by the prosecutor misstated

8

the law: "But also because you all get to determine what happens in your community. You all do. You're the jury. You're the conscience of this community. You're the 12 people who get to decide what you will and will not allow here in Baldwin County, Georgia. You can make a statement with your verdict." Mullins argues that the jury's function is not to "determine what they will or will not allow in Baldwin County" but rather is to "determine whether the State has proven beyond a reasonable doubt that the defendant broke the law as defined by the [l]egislature." According to Mullins, the prosecutor's argument "allows the jury to believe that they, the jury, can decide what is lawful and that they can make the law."

Mullins's trial counsel explained at the motion for new trial hearing that he was not sure why he did not object to these statements by the prosecutor. He speculated that he may have "just felt to overlook it because the [j]udge [would] very soon direct the jury that neither what [trial counsel] nor the [p]rosecutor said was to be considered as evidence." Trial counsel also testified that he might have been discussing something with Mullins at the time, and that he "would have had to have paid attention to [his] client if [Mullins had] asked [him] a question." According to trial counsel, it was not trial strategy, but he "[did not] know honestly" why he did not object to the statements.

9

The prosecutor's statements complained of here are similar to statements that have been held to be within the bounds of permissible argument. See, e.g., *Faust v. State*, 302 Ga. 211, 220 (4) (c) (805 SE2d 826) (2017) (finding statement that "you all have to have the courage to speak up and talk for a community that's too scared to talk for itself" appropriate) (punctuation omitted); *Gibson v. State*, 283 Ga. 377, 381 (8) (659 SE2d 372) (2008) (finding it permissible for prosecutors to tell jury that it had an "opportunity to define what is acceptable in the community" and to urge the jury to speak on the community's behalf and rid it of robbers and murderers) (punctuation omitted); *Philmore v. State*, 263 Ga. 67, 69 (3) (428 SE2d 329) (1993) (holding that it is not improper for a prosecutor to urge the jury to convict for the safety of the community). Consequently, an objection or motion for mistrial in response to the statements would have been unsuccessful. The failure to make a meritless objection or motion will not support a finding of deficient performance in an ineffectiveness claim. *Cox v. State*, 306 Ga. 736, 741 (2) (b) (832 SE2d 354) (2019); *Fleming v. State*, 306 Ga. 240, 250 (5) (c) (830 SE2d 129) (2019); *Crump v. State*, 301 Ga. 871, 873 (2) (804 SE2d 364) (2017). Thus, trial counsel was not ineffective for failing to object and move for a mistrial during closing argument. See

*Gibson*, 283 Ga. at 381 (8) (trial counsel not ineffective for failing to object and move for a mistrial during appropriate closing argument).

(c) Finally, Mullins suggests that the cumulative effect of his trial counsel's alleged errors affected the outcome of his trial. But here, we have assumed deficiency with respect to only one alleged instance of ineffective assistance of trial counsel and concluded that Mullins was not prejudiced as a result. Consequently, there are not multiple errors from which to assess any cumulative prejudice. See *Cox*, 306 Ga. at 743 (2) (e) (appellate courts "evaluate only the effects of matters determined to be error, not the cumulative effect of non-errors.") (citation and punctuation omitted).

*Judgment affirmed. Doyle, P. J., and Reese, J., concur.*